WERDEGAR, J., Concurring and Dissenting.
I concur in the judgment reversing the Court of Appeal’s decision, but I respectfully dissent from the reasons set forth by the majority. I would find that defendant Douglas George Schmitz has failed to preserve for appeal the question whether the parole search was valid.
At issue in this case is whether a deputy sheriff’s warrantless search of defendant’s car violated his constitutional right to be free of unreasonable searches under the Fourth Amendment to the United States Constitution. “[T]he most basic constitutional mle in this area is that ‘searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.’ The exceptions are ‘jealously and carefully drawn,’ and there must be ‘a showing by those who seek exemption . . . that the exigencies of the situation made that course imperative.’ ‘The burden is on those seeking the exemption to show the need for it.’ ” (Coolidge v. New Hampshire (1971) 403 U.S. 443, 454—455 [29 L.Ed.2d 564, 91 S.Ct. 2022], fns. omitted.) The rule is the same under the state Constitution: “It is axiomatic . . . that warrantless searches are per se unreasonable under the California and federal Constitutions with only a few carefully circumscribed exceptions, and that the People have the burden of proving that any search without a warrant comes within one of those exceptions.” (People v. Laiwa (1983) 34 Cal.3d 711, 725 [195 Cal.Rptr. 503, 669 P.2d 1278].)
The procedure for raising a challenge to a warrantless search is well established: “[W]hen defendants move to suppress evidence, they must set forth the factual and legal bases for the motion, but they satisfy that obligation, at least in the first instance, by making a prima facie showing that the police acted without a warrant. The prosecution then has the burden of proving some justification for the warrantless search or seizure, after which, defendants can respond by pointing out any inadequacies in that justification.” (People v. Williams (1999) 20 Cal.4th 119, 136 [83 Cal.Rptr.2d 275, 973 P.2d 52].)
*934 In his motion to suppress, defendant challenged both his detention and the ensuing warrantless search of his car. In opposition to the motion, the district attorney asserted the detention was lawful. The trial court ruled in favor of the district attorney. While the district attorney’s opposition mentioned in passing the front seat passenger’s parole condition, defendant did not respond, and the record discloses neither any argument by the parties concerning the significance or the permissible scope of the passenger’s parole search condition, nor any ruling on the point by the trial court.[1] Although the burden is on the district attorney to justify a warrantless search, here the district attorney did so, to the satisfaction of the trial court. If defendant thought otherwise, the burden was then on him to assert his objection and make a record adequate to preserve it for appellate review (see People v. Gordon, supra, 50 Cal.3d at p. 1250), even while the People bear the ultimate burden of justifying the search (see People v. Williams, supra, 20 Cal.4th at p. 127). “Defendants who do not give the prosecution sufficient notice of [the] inadequacies [of its justification for a challenged search] cannot raise the issue on appeal. ‘[T]he scope of issues upon review must be limited to those raised during argument.... This is an elemental matter of fairness in giving each of the parties an opportunity adequately to litigate the facts and inferences relating to the adverse party’s contentions.’ [Citation.]” (Id. at p. 136.)
Because defendant failed in the trial court to challenge the applicability of the passenger’s parole search condition or the permissible scope of the warrantless search, he must be held to have forfeited the issue. For this reason alone, I concur in the majority’s decision to reverse the judgment of the Court of Appeal, which reversed the trial court’s denial of the suppression motion.
Defendant’s apparent forfeiture, which became evident only after we had granted review, would have weighed heavily against a grant regardless of any party’s preference for a decision interpreting the Fourth Amendment. “As a prudential matter, we routinely decline to address constitutional questions when it is unnecessary to reach them.” (Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd. (2006) 40 Cal.4th 1, 17, fn. *935 13 [50 Cal.Rptr.3d 585, 145 P.3d 462],)[2] This case illustrates the prudential rule’s wisdom, as defendant’s failure to raise the parole search issue in the trial court, in response to the People’s effort to justify the search (see People v. Williams, supra, 20 Cal.4th at p. 136), prevented the development of a factual record that might have obviated any perceived need to revisit the permissible scope of warrantless searches. Unfortunately, the majority reaches out to decide the Fourth Amendment issue, proclaiming categorically that “the Constitution permits a [warrantless] search of those areas of the passenger compartment [of a third party’s car] where the officer reasonably expects that the parolee could have stowed personal belongings or discarded items when aware of police activity.” (Maj. opn., ante, at p. 913.) Given the majority’s choice to speak to the issue, I do no further offense to our prudential rule by noting my agreement with Justice Liu that the majority’s reasoning is unpersuasive.
Kennard, J., concurred.

 The suppression hearing began on May 21, 2008, and was not recorded or transcribed. A settled statement of that day’s proceedings indicates Deputy Mihai testified she “conducted a search of the car based on the passenger’s parole status.” The settled statement does not reflect the legal arguments, if any, made by counsel, so there is no record of whether the parties discussed the scope of the search permitted by the passenger’s parole search condition. “To preserve such a point for review on appeal, a defendant must of course provide an adequate record.” (People v. Gordon (1990) 50 Cal.3d 1223, 1250 [270 Cal.Rptr. 451, 792 P.2d 251].)
The hearing continued on June 23, 2008; this time a reporter was present and a transcript was prepared. Following the taking of evidence, the only issue the parties addressed in their arguments to the court was whether defendant had been detained and, if so, whether Deputy Mihai had sufficient cause to detain. Neither side mentioned the'scope of the search permitted by the passenger’s parole search condition.

 “Principles of judicial restraint counsel that we not reach out to decide gratuitously constitutional questions of first impression. Sound jurisprudence dictates that such issues be decided only in the context of cases and controversies actually raising the issue.” (People v. Bennett (1998) 17 Cal.4th 373, 393 [70 Cal.Rptr.2d 850, 949 P.2d 947] (conc. opn. of Werdegar, J.); see People v. Reyes (1998) 19 Cal.4th 743, 767 [80 Cal.Rptr.2d 734, 968 P.2d 445] (conc. & dis. opn. of Werdegar, J.) [same].)